# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH EARL WRIGHT, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| CLIFFORD CHANDLER, | : | CIVIL ACTION NO. |
| EAST POINT POLICE | : | 1:12-CV-1245-TWT-JFK |
| DEPARTMENT, | : | |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S NON-FINAL
## REPORT AND RECOMMENDATION

Plaintiff, Kenneth Earl Wright, confined in Washington State Prison, in Davisboro, Georgia, has submitted a *pro se* civil rights complaint. Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, (Doc. No. 1), for screening under 28 U.S.C. § 1915A, and on Plaintiff's motion for appointment of counsel, (Doc. No. 4).

### I.    28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who

AO 72A
(Rev.8/82)

is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555.

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . .

2

or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.  Discussion

Plaintiff brings this action against Officer Clifford Chandler and the East Point Police Department and asserts the following. (Doc. No. 1 at 1 and Statement of Claim). On August 4, 2010, Plaintiff was pulling a wagon that contained an air

3

AO 72A
(Rev.8/82)

conditioner radiator and a car battery, which belonged to Plaintiff.  (Id., Statement of Claim ¶¶ 1, 9).  Chandler parked and exited his patrol car and "started harassing Plaintiff by yelling at him and interrogating [him] about where did [he] get the radiator and battery[.]"  (Id. ¶¶ 2, 3).  Chandler knew that the radiator and battery had not been reported as lost or stolen and nonetheless handcuffed and arrested Plaintiff for theft of lost or mislaid property.  (Id. ¶¶ 9, 10).  Chandler falsely alleged that Plaintiff had committed theft and took Plaintiff to the East Point city jail, where he booked and charged Plaintiff.  (Id. ¶¶ 16, 23).  After two days, Plaintiff pleaded not guilty and was transferred to the Fulton County Jail.  (Id. ¶ 17).  No further action was taken, and the charge was "no disposition."  (Id. at ¶ 18).

Plaintiff contends that Chandler lacked probable cause to arrest him and that as a result of Chandler's actions he has suffered mental distress and was "hindered from getting employment and lost pay because of the negative allegation on Plaintiff['s] background report."  (Id., ¶ 25).  Plaintiff asserts a claim of harassment based on Chandler's initial questioning; asserts claims of false arrest, false imprisonment, and slander; and seeks damages.[1]  (Id., Statement of Claim).

---

[1] The Court notes that Plaintiff's damage claim is limited by 42 U.S.C. § 1997e(e), which does not allow damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury."

4

### A. The East Point Police Department

The East Point Police Department is not a legal entity subject to suit and must be dismissed. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that the City of Atlanta police department is not an entity subject to suit because the department is "merely the vehicle through which the City government fulfills its policing functions"); see also Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (affirming district court decision that the DeKalb County Police Department is not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

### B. Officer Chandler

#### 1. Harassment – Initial Stop and Questioning

The Fourth Amendment does not allow unreasonable seizures. U.S. Const. Amend. IV. "[T]here are three types of encounters between police and citizens 'for purposes of . . . Fourth Amendment analysis: (1) police-citizen exchanges involving no coercion or detention; (2) brief seizures or investigatory detentions; and (3) full-scale arrests.'" Miller v. Harget, 458 F.3d 1251, 1257 (11th Cir. 2006)

5

(quoting United States v. Perez, 443 F.3d 772, 777 (11th Cir. 2006)). "Officers are free, without any level of suspicion, to approach citizens on the street or in a public place and ask them questions . . . ." Id.

Chandler's initial questioning of Plaintiff occurred on the side of a public street where Plaintiff had been walking. Plaintiff's classifying the questioning as "harassing" and "interrogating" does not show that the questioning portion of the encounter amounted to a seizure or was unconstitutional. See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."). Plaintiff's claim of harassment based on Chandler's initial questioning fails to show a constitutional violation.

### 2. False Arrest and False Imprisonment

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim" for false arrest. Rodriguez v. Farrell, 280 F.3d 1341, 1345 (11th Cir. 2002) (internal quotation marks omitted) (quoting Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996)). Additionally, "[w]here a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Ortega, 85

AO 72A
(Rev.8/82)

F.3d at 1526. To show a constitutional violation, a plaintiff must allege "facts showing that the police lacked probable cause to arrest him." Wright v. Dodd, 438 F. App'x 805, 806 (11th Cir. 2011). "Probable cause exists when 'the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Jordan v. Mosley, 487 F.3d 1350, 1355 (11th Cir. 2007) (quoting Miller, 458 F.3d at 1259).[2]

Although Plaintiff alleges the bare minimum to state a claim, his allegation that Chandler knew that the radiator and battery were not reported as lost or stolen and nonetheless arrested him for theft of lost or stolen property is sufficient to state a claim of false arrest and to state a claim for false imprisonment based on his consequent detention. Plaintiff shall be allowed to proceed against Chandler on his claims of false arrest and imprisonment.

---

[2]An officer is entitled to qualified immunity if he had arguable probable cause, which requires that a reasonable officer in his shoes "could have believed that probable cause existed[.]" Grider v. City of Auburn, 618 F.3d 1240, 1257 (11th Cir. 2010) (quoting Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004)) (internal quotation marks omitted).

7

### 3. **Slander**

"No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Although a person does not have a due process protected interest in avoiding stigmatization alone, he does have a protected interest in avoiding stigma plus the deprivation of "'a previously recognized property or liberty interest[.]'" Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1296, 1298 (11th Cir. 2003) (quoting Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1436-37 (11th Cir. 1998)). However, "deleterious effects that flow directly from a sullied reputation, such as the adverse impact on job prospects, are normally insufficient" to show stigma plus. Id. at 1298; see also Paul v. Davis, 424 U.S. 693, 697, 712 (1976) (holding that allegations that the alleged slander would "seriously impair . . . future employment opportunities" did not show a deprivation of a property interest protected by the Due Process Clause).

Here, Plaintiff's assertion of a generalized adverse impact on his job prospects is insufficient to show that he has been deprived of a protected property or liberty interest, and his claim of slander does not state a constitutional claim.

AO 72A
(Rev.8/82)

### D. Motion for Appointment of Counsel

Plaintiff requests appointed counsel because he cannot afford to retain counsel and his case is complex and viable. (Doc. No. 1). Prisoners, "like other civil litigants, have no absolute constitutional right to counsel" in a civil action. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). The Court appoints counsel "only in exceptional circumstances[.]" Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). Those circumstances may involve the complexity of factual and/or legal issues, whether the plaintiff's ability to navigate pre-trial procedures will limit his or her ability to present his or her case, and the plaintiff's access to legal help. Kilgo, 983 F.2d at 193-94.

Plaintiff's claim involves a simple and limited set of facts – whether or not Chandler had probable cause to arrest him, and the Court does not find any exceptional circumstances that warrant the appointment of counsel at this time.

### E. Plaintiff's First Request for Admissions

Plaintiff certifies that he has served Defendants with his First Request for Admissions. (Doc. No. 7). Plaintiff, however, is **ADVISED** that his first request for admissions is premature. This action has not passed preliminary review under 28 U.S.C. § 1915A, the Court has not directed service of process on any Defendant, and discovery (including a request for admissions) is improper at this time.

9

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel, (Doc. No. 4), is **DENIED** without prejudice. If the Court determines, at a later point in the proceedings, that Plaintiff requires appointed counsel, it will reconsider, *sua sponte*, his request.

**IT IS RECOMMENDED**, pursuant to 28 U.S.C. § 1915A, that the East Point Police Department be **DISMISSED** from this action and that Plaintiff's claims of harassment and slander be **DISMISSED**.

**IT IS RECOMMENDED** that Plaintiff's false arrest and imprisonment claims against Clifford Chandler be **ALLOWED** to proceed as any other civil action.

**IT IS FURTHER RECOMMENDED**, upon the adoption of this Report and Recommendation, that this action be returned to the undersigned for further proceedings, including issuance of an Order for service of process.

**IT IS SO DIRECTED and RECOMMENDED** this 27th day of July, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)