# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH EARL WRIGHT,  Plaintiff, | : : : | PRISONER CIVIL RIGHTS  42 U.S.C. § 1983 |
| v. | : : | |
| CLIFFORD CHANDLER,  Defendant. | : : | CIVIL ACTION NO.  1:12-CV-1245-TWT-JFK |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Plaintiff's motion to compel Defendant's answer, (Doc. 25); Defendant's motion to dismiss and alternative motion for discovery, (Doc. 28), Plaintiff's response and motion in response to the motion to dismiss, (Docs. 30, 32), Defendant's reply in support of the motion to dismiss, (Doc. 35); Plaintiff's motion for discovery, (Doc. 36); and Plaintiff's motion in objection and motion informing the Court why Plaintiff's complaint should not be dismissed for abuse of the judicial process, (Doc. 42). For the reasons discussed below, Defendant's motion to dismiss should be granted, this action should be dismissed under 28 U.S.C. § 1915(g) and for abuse of the judicial process, and the remaining motions should be denied as moot.

**I.     Discussion**

In February 1991, while incarcerated in the State of Florida, Plaintiff, proceeding as Kenneth Wright, Florida Department of Corrections number 103030, filed in the United States District Court for the Middle District of Florida a civil rights action, which the Honorable Senior Judge Patricia C. Fawsett determined did not state a claim and in which she allowed him twenty days to amend before the court dismissed his action. Wright v. Eagan, No. 6:91-cv-0111-PCF (M.D. Fla. May 8, 1991) (docket entry 5) (hereinafter "1991 Florida action"). When Plaintiff did not amend, the court dismissed the action. Id. (docket entry 6). In September 1993, again while incarcerated, Plaintiff filed another civil rights action in the same court, which the Honorable Senior Judge G. Kendall Sharp dismissed as frivolous. Wright v. Bell, No. 6:93-cv-0738-GKS (M.D. Fla. Sept. 24, 1993) (docket entries 10, 15) (hereinafter "1993 Florida action"). In July 1995, again while incarcerated, Plaintiff filed in a different division of the same court another civil rights action, which the Honorable Senior Judge John H. Moore, II, dismissed, noting that Plaintiff could file a new complaint after he pursued his other remedies and/or could show that his claims had

accrued. Wright v. Curry, No. 3:95-cv-0638-JHM (M.D. Fla. July 27, 1995) (docket entry 3) (hereinafter "1995 Florida action").[1]

In April 2012, Plaintiff, proceeding as Kenneth Earl Wright, Georgia Department of Corrections number 1000530906, while incarcerated, filed the civil rights action now before the Court. On the form civil rights complaint, Plaintiff checked "No" in response to the query "Have you filed other lawsuits in federal court while incarcerated in any institution?" (Doc. 1 at 1). The Court determined that it had insufficient information to conclude that § 1915(g) applied to Plaintiff, and the action was allowed to proceed. (See Doc. 20 at 2-3). Defendant asserted that Plaintiff was subject to 28 U.S.C. § 1915(g), listing the above Florida cases, and asserted that no further response was required by Defendant. (Doc. 19). The Court again determined that it had insufficient information to conclude that § 1915(g) applied and required Defendant to file an answer.[2] (Doc. 20 at 2-3).[3]

---

[1] Plaintiff states that the 1995 Florida action complained of, among other things, excessive force and that it was dismissed for failure to exhaust administrative remedies. (Doc. 42 at 8).

[2] The Court mistakenly referred to the 1993 Florida action as having been filed in the Middle District of Georgia. (Doc. 20 at 1 n.1).

[3] Plaintiff then filed five additional actions in this Court. See Wright v. Mims, No. 1:13-cv-00845-TWT-JFK (N.D. Ga. filed Mar. 15, 2013) (pending); Wright v.

AO 72A
(Rev.8/82)

In this action, Defendant has now moved to dismiss based on § 1915(g) and has submitted material to show that the Plaintiff filed the actions in Florida. (Doc. 28 and Attachs.; Doc. 37). In response, filed in April 2013, Plaintiff admits that he filed the 1991 and 1993 Florida actions.[4] (Doc. 30, Mem. at 3-4). Plaintiff argues that the dismissals of his 1991 and 1993 Florida actions should not count as strikes because, although he sought damages in those actions, they were challenges to his conviction and should have been filed as habeas actions.[5] (Doc. 30, Mem. at 3-4). Defendant

---

East Point Police Dep't, No. 1:12-cv-02150-TWT-JFK (N.D. Ga. filed June 21, 2012) (pending); Wright v. East Point Police Dep't, No. 1:12-cv-02064-TWT-JFK (N.D. Ga. Feb. 11, 2013) (dismissed under 28 U.S.C. § 1915A); Wright v. East Point Police Dep't, No. 1:12-cv-02063-TWT-JFK (N.D. Ga. Apr. 24, 2013) (dismissed under 28 U.S.C. § 1915A); Wright v. Armand, No. 1:12-cv-02062-TWT-JFK (N.D. Ga. filed June 14, 2012) (pending). In none of those actions – in which Plaintiff submitted form complaints, which required a description of prior lawsuits and which Plaintiff signed under penalty of perjury – did Plaintiff inform the Court that he had filed actions in the United States District Court for the Middle District of Florida.

[4]The Court finds that Plaintiff also filed the 1995 Florida action, which was filed by the same person (Fla. D.C. No. 103030) who filed the 1991 and 1993 Florida actions.

[5]Damages may not be sought in a habeas corpus action. Gwin v. Snow, 870 F.2d 616, 622 (11th Cir. 1989). Moreover, the Florida actions were docketed as civil rights cases and adjudicated as such, and any disagreement with the outcomes in the Florida actions should have been pursued in a direct appeal from those actions.

4

replies that the dismissal of Plaintiff's complaints seeking damages count as § 1915(g) dismissals even if he also sought habeas relief in those complaints. (Doc. 35 at 2-3).

In response to the Court's Order to show cause why this action should not be dismissed for abuse of the judicial process, Plaintiff states that he answered "no" to the question "have you filed other lawsuits in federal court while incarcerated in any institution" because (1) he forgot that he filed the Florida actions; (2) he did not know about § 1915(g) or that the question related to § 1915(g) and the form complaint did not fairly warn him of the importance of an accurate response in relation to § 1915(g); (3) the question appeared to refer to the federal court in Georgia; (4) he did not consider his Florida actions as lawsuits because they contained habeas corpus claims; and (5) the Florida court did not consider his Florida actions as lawsuits – as shown by the fact that it dismissed them. (Doc. 42 at 2-8).

Section § 1915(g) of Title 28 does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." When § 1915(g) does not allow a prisoner to proceed *in*

5

*forma pauperis*, the complaint should be dismissed without prejudice, and, a prisoner wishing to pursue his or her claims, must refile the action with full payment of the filing fee.  See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

At the time that Plaintiff filed this action in April 2012, he had while incarcerated filed at least three civil actions that had been dismissed as frivolous, malicious, or for failure to state a claim.  The court dismissed the 1991 Florida action after determining that Plaintiff had not stated a claim and when Plaintiff failed to amend as directed.  The court dismissed the 1993 Florida action as frivolous.  The court dismissed the 1995 Florida action because Plaintiff had not exhausted his other remedies or shown that his claims had accrued, which dismissal qualifies as a strike.[6]

---

[6]The dismissal of a civil rights action for failure to exhaust other remedies counts as a strike under § 1915(g).  See Thomas v. Parker, 672 F.3d 1182, 1183-84 (10th Cir. 2012) (agreeing that a strike is properly assessed when "the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust administrative remedies, and no claims are allowed to proceed on the merits"); Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of action for failure to exhaust remedies counted as a strike under § 1915(g)), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

A dismissal based on the prematurity of a civil rights action counts as a strike.  See In re Jones,652 F.3d 36, 38 (D.C. Cir. 2011) (listing cases); Berry v. Savannah Chatham Cnty. Metro. Police Dep't, No. CV408-201, 2009 WL 1765805, at **1-2 (S.D. Ga. 2009).  Under Heck v. Humphrey, 512 U.S. 477 (1994), "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

6

Plaintiff had three strikes when he filed this action, and he alleges no action by any Defendant that places him in imminent threat of serious injury. Accordingly, Defendant's motion to dismiss under § 1915(g) is due to be granted.

Further, even if Plaintiff had not had three strikes at the time he filed this action, the Court should dismiss the action based on Plaintiff's abuse of the judicial process. See Sears v. Haas, No. 12-14445, 2013 WL 616914, at *1 (11th Cir. Feb. 19, 2013) ("[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal."); Harris v. Warden, 498 F. App'x 962, 965 (11th Cir. 2012) (stating that failure to "disclose any information regarding . . . prior cases" on form complaint that requires disclosure of prior complaints and "simply writing or checking 'No' or 'Not Applicable' under all of the relevant questions" regarding prior suits warrants a finding of affirmative misrepresentation and dismissal for an abuse of the judicial process); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x. 221, 226 (11th Cir. 2011) ("The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with

---

conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Dyer v. Lee, 488 F.3d 876, 878-79 (11th Cir. 2007) (quoting Heck, 512 U.S. at 487) (internal quotation marks omitted).

7

similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment. The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so."). In his complaint, Plaintiff falsely represented to the Court that he had filed no other lawsuits while incarcerated and signed his complaint under penalty of perjury. Plaintiff failed to promptly inform the Court of his Florida actions even after Defendant presented the Florida cases to the Court and the Court determined that it lacked sufficient information to conclude that Plaintiff had filed the Florida actions. Plaintiff at length admitted to the Florida filings only after Defendant went to the time and expense of pursuing further research on the 1990 Florida filings and moved to dismiss under § 1915(g). Additionally, Plaintiff's false representations are not in this action only.

Plaintiff's response that he forgot about the Florida actions is non-credible (1) when both the Court and Defendants apprized Plaintiff as early as September 2012 that there was a question on the Florida actions and (2) when Plaintiff did not admit to filing the Florida actions until April 2013. (Docs. 19. 30); see also Order, Wright, No. 1:12-cv-02064, ECF No. 7; Order, Wright, No. 1:12-cv-02062, ECF No. 7. Whether Plaintiff was aware of § 1915(g) is irrelevant to his failure to fill out the form

8

complaint truthfully.  Also, the form complaint does not ask for information on lawsuits filed in a federal court in only Georgia – it asks for information on the filing of "other lawsuits in federal court while incarcerated in any institution[.]" (Doc. 1 at 1).  Further, even if Plaintiff's Florida actions contained habeas corpus claims, they still qualified as "lawsuits" (1) when Plaintiff sought damages in the 1991 and 1993 actions and complained of excessive force in the 1995 action and (2) when those actions were docketed and adjudicated as civil rights actions.  (Doc. 30 at 4; Doc. 42 at 8).

## II.  Conclusion

For the reasons stated above,

**IT IS ORDERED** that the grant of *in forma pauperis* status, (Doc. 3 (requiring payments from Plaintiff's inmate account)), is **VACATED** and that the Clerk of the Court transmit a copy of this Order to the warden of the institution where Plaintiff is incarcerated.

**IT IS RECOMMENDED** that Defendant's motion to dismiss, (Doc. 28), be **GRANTED** and that this action be **DISMISSED** without prejudice under 18 U.S.C. § 1915(g) and for abuse of the judicial process.

**IT IS ORDERED** that Plaintiff's motion to compel Defendant's answer, (Doc. 25), Defendant's alternative motion for discovery, (Doc. 28), Plaintiff's motion in response to the motion to dismiss, (Doc. 30), Plaintiff's motion for discovery, (Doc. 36), and Plaintiff's motion in objection and motion informing the Court why Plaintiff's complaint should not be dismissed for abuse of the judicial process, (Doc. 42), are **DENIED** as moot.

The Clerk of Court is **DIRECTED** to withdraw the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED**, **ORDERED**, **and DIRECTED** this 18th day of June, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)